UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE D. DEBARDELABEN III,

    Plaintiff,

    v.

MICHIGAN PAROLE BOARD,

    Defendant.
_____/

CASE NO. 2:23-CV-12506
HON. GEORGE CARAM STEEH

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.   Introduction

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Willie D. DeBardelaben III ("plaintiff"), confined at the Parnall Correctional Facility in Jackson, Michigan, challenges his parole eligibility and his 2023 parole proceedings. ECF No. 1. The plaintiff is a "juvenile lifer" who was convicted of two counts of first-degree murder, conspiracy to commit murder, and felony firearm following a jury trial in the Saginaw County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and a consecutive term of two years imprisonment in 1994 when he was 16 years old. He was also convicted of second-degree murder and felony firearm following a jury trial in the Saginaw County Circuit Court in another case and was sentenced to

- 1 -

30 to 60 years imprisonment and a consecutive term of two years imprisonment in 1994. In 2022, he was re-sentenced on the first-degree murder and conspiracy convictions to concurrent terms of 33 to 60 years imprisonment. See Michigan Department of Corrections Offender Tracking Information System ("OTIS"), mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=240689.

In his complaint, the plaintiff alleges that the Michigan Parole Board is depriving him of a meaningful opportunity for parole in violation of his Eighth and Fourteenth Amendment rights by: (1) requiring him to complete sex offender programming even though he is not serving a sex offender sentence, (2) considering his juvenile fourth-degree criminal sexual conduct conviction and 2000/2003 prison sexual exposure misconducts, (3) failing to comply with Hill v. Snyder/Whitmer court orders to provide access to core programming, and (4) extending his prison sentence by not granting him parole. ECF No. 1, PageID.3-4. He names the Michigan Parole Board as the sole defendant in this action and sues the Board in its official capacity. Id. at PageID.2. He seeks monetary damages, as well as declaratory and injunctive relief. Id. at PageID.4-5. The court has granted him leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 5.

II.  **Review Standards**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v.

<u>Williams</u>, 474 U.S. 327, 333-336 (1986). A pro se civil rights complaint is construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972). Despite this liberal pleading standard, the court concludes that the civil rights complaint must be dismissed.

### III. <u>Discussion</u>

As an initial matter, the plaintiff's complaint must be dismissed because he names the Michigan Parole Board in its official capacity as the sole defendant in this case. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental departments and agencies, such as the Michigan Parole Board (an entity within the Michigan Department of Corrections ("MDOC")), are not persons or legal entities subject to suit under § 1983. <u>Harrison v. Michigan</u>, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law); <u>Rodgers v. Michigan Dep't of Corr.</u>, 29 F. App'x 259, 260 (6th Cir. 2002). Consequently, the plaintiff's complaint against the Michigan Parole Board must be dismissed.

Secondly, the Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit, or Congress has abrogated that immunity. <u>Will v. Michigan Dep't of State</u>

Police, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979); Chaz Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. McCormick, 693 F.3d at 662 (citing McKey v. Thompson, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)); Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan (including the Michigan Parole Board and the MDOC as an administrative agency within the Michigan government) is

entitled to Eleventh Amendment immunity. Harrison, 722 F.3d at 771 (citing cases); Horton v. Martin, 137 F. App'x 773, 775 (6th Cir. 2005). The plaintiff's claims for monetary damages, declaratory relief, and non-prospective injunctive relief against the Michigan Parole Board in its official capacity must therefore be dismissed.

## IV. Conclusion

For the reasons stated, the court concludes that the Michigan Parole Board is not a "person" or entity subject to suit in this action and that Michigan Parole Board, an entity within the MDOC, which is an agency of the State of Michigan, is entitled to Eleventh Amendment immunity. Accordingly, the court dismisses with prejudice the civil rights complaint against the Michigan Parole Board. This dismissal is without prejudice to any similar complaint that the plaintiff may file against an appropriate defendant seeking appropriate relief.

Lastly, the court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 8, 2023, by electronic and/or ordinary mail and also on Willie D. DeBardelaben, III #240689, Parnall Correctional Facility – SMT, 1780 E. Parnall, Jackson, MI 49201.

s/Michael Lang
Deputy Clerk